IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

COLORADO SECURITY                    )
CONSULTANTS, LLC, a Colorado          )
limited liability company; TIMOTHY A.  )
SIMAN, individually; and JARED        )
IUNGERICH, individually;              )
                                     )    CASE NO.   8:16-cv-00439-JMG-CRZ
          Plaintiffs,                )
                                     )
v.                                   )
                                     )
SIGNAL 88 FRANCHISE GROUP,           )    **STIPULATED PROTECTIVE ORDER**
INC., a Nebraska corporation; and     )
SIGNAL 88, LLC, a Delaware limited    )
liability company;                   )
                                     )
          Defendants.                )

        The Parties, through undersigned counsel, stipulate and move the Court for a Protective

Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of

Confidential Information and Settlement Information (as hereinafter defined).   For good cause

shown the motion (Filing No. 38) is granted and the Court enters this Stipulated Protective Order

to govern discovery and other matters in this case:

        1.      In this action, the Parties have sought, are seeking, and/or will likely seek

Confidential Information (as defined in paragraph 2 below) and intend to exchange Settlement

Information (as defined in Paragraph 9 below).   The Parties also anticipate seeking additional

Confidential Information during discovery and that there will be questioning concerning

Confidential Information in the course of depositions.   The Parties assert the disclosure of such

information outside the scope of this litigation could result in significant injury to one or more

of the Parties' business or privacy interests.   The Parties have stipulated to the entry of this

Protective Order for the purpose of preventing the disclosure and use of Confidential Information and Settlement Information except as set forth herein.

2.      "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, that has been designated by one of the Parties in the manner provided in Paragraph 3 below. The designation of a document as Confidential Information is a certification by an attorney for the designating Party (or a Party appearing *pro se*) that the designating Party has reviewed the information and believes, in good faith, that the document contains the designating Party's confidential information, including but not limited to sensitive personal information, private information, trade secrets, confidential business information, proprietary business information, or other confidential information; Confidential Information must be in fact confidential and not publicly available or readily accessible by legitimate means other than a discovery request or subpoena to the disclosing Party.

3.      Where Confidential Information is produced, provided, or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

a.      By imprinting the word "Confidential" on each page of any document produced;

b.      By imprinting the word "Confidential" next to or above any response to a discovery request; and

c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4.      All Confidential Information provided by a Party in response to a discovery

request or transcribed testimony shall be subject to the following restrictions:

a.      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.      It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except as reasonably necessary for the conduct of this case and subject to the terms of this Order, and only to a Party's attorney's, officers, directors, and employees with a need to know, the court and its staff, the persons shown on the face of the document to have authored or received it, witnesses to whom disclosure is reasonably necessary, court reporters retained to transcribe testimony, persons who are not Parties to this case who are retained by a Party or its attorneys to serve as mock jurors or to provide technical or expert services and/or to give testimony in this action, and any other person designated by written stipulation of the Parties or by order of the court.

5.      The inadvertent production by either Party of any document without a Confidential designation shall be without prejudice to any claim that such document is Confidential Information. The producing Party shall not be deemed to have waived any rights by such inadvertent production. The producing Party shall give written notice of such inadvertent production within 20 days of discovery of the inadvertent production, together with a copy of the subject document marked as Confidential. Upon receipt of the copy marked Confidential, the receiving Party shall promptly destroy the inadvertently produced document and all copies thereof, and retain only the copy marked Confidential.

6.      Individuals authorized to have Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the

Confidential Information, either orally or in writing, to any other person, entity, or government agency unless authorized to do so by this Protective Order, by other court order, or by agreement of the Parties. All Confidential Information received by a Party hereunder shall be stored and maintained at a location and in a manner that ensures that access is limited to persons authorized under this Protective Order to have such access.

7.      The Party's counsel who discloses Confidential Information pursuant to this Protective Order to any individual, including consulting experts, expert witnesses, or employees of a Party, shall require such persons to agree in writing to comply with the terms of this Protective Order before disclosing such Confidential Information to such persons.

8.      A Party may object to the designation of particular Confidential Information or Settlement Information (as defined below) by giving written notice to the Party designating the disputed information.   The written notice shall identify the information to which the objection is made.   If the Parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential Information or Settlement Information to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.   If such a motion is filed, the disputed information shall be treated as Confidential Information or Settlement Information under the terms of this Protective Order until the Court rules otherwise. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information or Settlement Information and shall not thereafter be treated as Confidential Information or Settlement Information in accordance with this Protective Order. In connection with a motion

filed under this provision, the Party designating the information as Confidential Information or Settlement Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information or Settlement Information.

9.     Use of Confidential Information in Court Proceedings:   Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action except by court order issued upon motion of the Party seeking to file the documents under seal.   Any motion requesting leave to file documents under seal shall comply with the requirements of Local Rule 7.5. Any Party seeking to use Confidential Information provided by an opposing Party in court filings shall only do so under seal pursuant to Local Rule 7.5, unless otherwise agreed by the Parties or ordered by the court.

10.     "Settlement Information" means any information exchanged by the Parties in the course of settlement negotiations between the Parties, outside the scope of formal or informal discovery, including a document, file, or portions of files, including any extract, abstract, chart, summary, note, or copy made therefrom, and designated by the producing Party by marking the document "Confidential—For Settlement Purposes Only" on the bottom of each page.

11.     Settlement Information may be disseminated only to counsel of record in this litigation, the Court overseeing the settlement conference, and the Parties.   If the case does not settle, Settlement Information may be used only as permitted by this Order and may be admitted at trial if such admission is allowed by the Federal Rules of Evidence.

12.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information

and Settlement Information pursuant to this Protective Order. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated shall be returned to the designating Party, or the Parties may elect to destroy designated documents. Where the Parties agree to destroy designated documents, the destroying Party shall provide all Parties with an affidavit confirming the destruction.

13.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14.     Protections under F.R.E. 502(d).  Notwithstanding any other provision of this Order, the production of documents by any Party, whether or not designated as Confidential Information or Settlement Information, will not operate as a waiver of any common law or statutory privilege, protection, or immunity applicable to those documents, including, but not limited to any attorney-client privilege, work product protection, joint or common interest doctrine, information that is subject to protection as trial preparation material, or that is protected from discovery by any other applicable privilege, protection, immunity, law, or rules (collectively "Privileges"). If a Party discloses, produces, or makes available for inspection and copying information subject to any Privilege ("Disclosed Privileged Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of such Privilege applicable to such Confidential Information or any related subject matter, in this litigation or in any other court, administrative action, investigation, or legal proceeding.

The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15.     Disclosed Privileged Information.   Any Party who realizes that it, he, or she has produced or received Disclosed Privileged Information, as soon as practicable, shall (i) notify, in writing, all other Parties and/or other persons producing or receiving such information that disclosure was made, (ii) identify the document(s) disclosed, (iii) make reasonable efforts to retrieve all copies of and prevent further disclosure of the Disclosed Privileged Information, and (iv) refrain from using or further disclosing the Disclosed Privileged Information (including, but not limited to, using the information in depositions or a trial). Any person or entity receiving notice that Disclosed Privileged Information has been produced shall, within five (5) business days, return, destroy, sequester or delete all copies of the Disclosed Privileged Information, as well as any abstracts, charts, memoranda, notes, summaries, compilations, or indices of same, and provide a representation of counsel that all such information has been returned, destroyed, sequestered or deleted.   To the extent the claim of Privilege is disputed, the Parties shall meet and confer to resolve any such dispute, and in the event such dispute cannot be resolved, the Party receiving such information may promptly present the information to the Court, under seal, pursuant to the Local Rules of this Court, and, seek further relief from the Court regarding the claim.   The Party claiming the Privilege shall preserve the Disclosed Privileged Information until the claim of Privilege is resolved either by agreement of the Parties or by the Court.

16.     The Protective Order shall apply to all documents and information that has been produced or that is to be produced in this case.

17.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

18.     Any non-party who produces documents or information in this case may designate documents or other information as Confidential Information pursuant to this Protective Order.

19.     The Court is not bound by the terms of this Stipulation Confidentiality and Protective Order and the Parties understand that the Court may alter the terms of this Order *sua sponte*.

20.     Any Party may apply to the Court for a modification of the Protective Order, including the need to add an additional designation of confidential information as "Attorneys Eyes Only", and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

IT IS SO ORDERED this 23rd day of February, 2017

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge